## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     No. CV-05-0982 JP/RLP
                                           CR-04-1180  JP

EDDIE GIOVANNI DE LEON-FERNANDEZ,

      Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion To Vacate Or Reduce Sentence under 28 U.S.C. § 2255[1] (CV Doc. 1; CR Doc. 30) filed September 13, 2005.  *See* 28 U.S.C. § 2255 R. 4(b).  Defendant pled guilty to an indictment charging reentry of a deported alien previously convicted of an aggravated felony.  *See* 8 U.S.C. § 1326(a)(1)-(2), (b)(2).  On October 15, 2004, the Court entered judgment on Defendant's conviction.  Defendant did not appeal his conviction or sentence.  He now asserts that he was denied effective assistance of counsel by his attorney's failure to argue for a lower sentence.

To prevail on an ineffective-assistance claim, Defendant "must . . . show that [counsel's] performance fell below an objective standard of reasonableness and that [Defendant] was prejudiced thereby."  *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668,  687-88 (1984)).  In challenging a sentencing proceeding, prejudice may be shown by establishing " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[1]    Defendant's motion contains no signature.  *See* Fed. R. Civ. P. 11; D.N.M.LR-Civ 10.3; *and cf.* 28 U.S.C. § 2242 (requiring signature on habeas corpus application).  Because this is a curable defect, *see Becker  v. Montgomery*, 532 U.S. 757, 765 (2001), the Court will review the merits of the motion without signature.

proceeding would have been different.' " *See United States v. Romero-Gallardo*, 113 F. App'x 351, 354 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 694). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland*, 466 U.S. at 697). Defendant's ineffective-assistance claims are reviewed under these standards.

Defendant contends that, under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), his sentence for illegal reentry is unconstitutional. This claim does not survive scrutiny. Defendant was charged, convicted, and sentenced under § 1326(a)(1)-(2) and (b)(2), which prohibit reentry by a deported alien previously convicted of an aggravated felony. Contrary to Defendant's assertion in the motion, the indictment specifically identified his prior offense. The terms of § 1326(b)(2) provide an increased sentence for a defendant who has a prior aggravated felony conviction. In *Almendarez-Torres*, the Supreme Court expressly allowed enhancement of a sentence based on prior convictions. *See* 523 U.S. at 246-47. The decision in *Almendarez-Torres* has been criticized but not overruled. *See Shepard v. United States*, --- U.S. ---, 125 S. Ct. 1254 (2005); *United States v. Jeffrey*, No. 04-8009, 2005 WL 827153, at *18 n.12 (10th Cir. Apr. 11, 2005) ("we are bound by existing precedent to hold that . . . *Almendarez-Torres* . . . remains good law.") (quoting *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005)). The Court will not grant relief on this claim.

Defendant also asserts that his attorney failed to argue for sentence reduction under the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005). The holdings in *Apprendi* and *Blakely*, which were decided before Defendant's conviction, resolved cases arising

under state law and did not directly affect cases under the U.S. Sentencing Guidelines.  *See Blakely*, --- U.S. at ---, 124 S. Ct. at 2538 n.9.  The *Booker* decision, which was issued after Defendant's conviction became final, applies only to cases that were then pending or on direct review.  *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005).  Because no relief was available to Defendant under these decisions at the time of his sentencing, he makes no showing that his sentencing would have been different if his attorney had made the arguments now raised in his § 2255 motion. *See Strickland*, 466 U.S. at 694.  Defendant's motion does not show that he was prejudiced, and the motion will be dismissed. *See Tillis v. Ward*, No. 02-6389, 2003 WL 21101495, at *1 (10th Cir. May 15, 2003) (denying certificate of appealability for dismissal of ineffectiveness claim in absence of showing of prejudice),

   IT IS THEREFORE ORDERED that Defendant's Motion To Vacate Or Reduce Sentence (CV Doc. 1; CR Doc. 30) filed September 13, 2005, is DISMISSED with prejudice; and pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE